UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANGEL COLINA-GONZALEZ A-245-187-756,

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY,

Respondent.

No. 1:26-cv-05168-TLN-CKD P

FINDINGS & RECOMMENDATIONS

Petitioner Angel Colina-Gonzalez is detained by Immigrations and Customs Enforcement ("ICE") and proceeds pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Petitioner also requests appointment of counsel. (ECF No. 3.) Respondent filed an opposition to the petition. (ECF No. 8.) This matter was referred to the undersigned by operation of Local Rule 302(c)(17) and 28 U.S.C. § 636(b)(1) and the court's minute order dated July 7, 2026. (ECF No. 5.) For the following reasons, the undersigned recommends the petition be granted and petitioner be immediately released from custody.

**I. Background**

Petitioner was born in Venezuela and entered the United States in 2023. (ECF No. 8-1 at 1-2.) On September 5, 2023, the United States Border Patrol encountered petitioner near the San Ysidro, California Port of Entry. (Id. at 2.) Petitioner "was processed for Warrant of Arrest/Notice

to Appeal and released." (Id.) Petitioner obtained a limited term driver's license and has been employed as a windmill turbine installer. (Id. at 2-3.)

Under the petition's allegations which are not disputed by respondent, petitioner has lived a law-abiding lifestyle, has no criminal history, and has never participated in a criminal street gang. (ECF No. 1 at 2, 4, 8.) While in the United States has established robust familial, financial, and community ties. (Id. at 8.) Since he was released on his own recognizance into the interior of the United States in 2023, petitioner has remained in compliance with all terms and conditions of his release. (Id. at 2 & 7.) He has a pending asylum application. (Id. at 2.)

Under respondent's evidence, on May 24, 2026, a Delegated Immigration Officer with the Sheriff's Office for Archer County, Texas, encountered petitioner following a traffic stop for speeding. (ECF No. 8-1 at 2-3.) Petitioner was arrested and has been held in immigration detention since May 24, 2026.

The petition brings three claims under the Fifth Amendment's Due Process Clause and a claim asserting a statutory violation. (ECF No. 1 at 26-29.) Petitioner seeks immediate release from custody, or, in the alternative, a hearing before an immigration judge where, in order to continue his detention, the government must establish by clear and convincing evidence he presents a risk of flight or danger, even after consideration of alternatives that could mitigate any risk that release would present. (Id. at 29-30.)

Respondent opposes the petition, stating that because petitioner entered the United States illegally, he is an "applicant for admission" subject to mandatory immigration detention under 8 U.S.C. § 1225(b). (ECF No. 8 at 1.) Respondent further asserts petitioner does not possess the right to freedom from immigration detention in any form other than the form provided by Congress. (Id.)

## II. Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's

habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

**III. Discussion**

Immigration officials previously released petitioner into the United States in 2023, and he was living and working in his community for more than two and a half years prior to the vehicle stop that preceded his present detention on May 24, 2026. Respondent does not assert petitioner has failed to comply with any conditions of release or committed any crimes. Respondent does not proffer any facts suggesting petitioner is a danger to the public or a flight risk. Based on the circumstance of petitioner being released into the United States where he resided for a significant period of time before being re-detained without any individualized hearing or consideration for release on bond, petitioner has a due process liberty interest in his continued release regardless of the applicable detention scheme. See Enriquez Escarcega, Petitioner, v. Warden of the Golden State Annex Faciity, No. 1:26-CV-01012 DAD SCR, 2026 WL 480500, at *2 (E.D. Cal. Feb. 20, 2026); Cajina v. Wofford, No. 1:25-CV-01566-DAD-AC (HC), 2025 WL 3251083, at *3 (E.D. Cal. Nov. 21, 2025).

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. CONST. AMEND. V. It is firmly established that these protections extend to noncitizens present in the United States. See Zadvydas, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent."); Wong Wing v. U.S., 163 U.S. 228, 238 (1896) ("It must be concluded that all persons within the territory of the United States are entitled to the protection guaranteed by [the Fifth Amendment], and that even [non-citizens] shall not ... be deprived of life, liberty, or property without due process of law.").

Courts analyze procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989). Having

determined petitioner has a protected liberty interest in his continued release having been released into the interior of the United States by immigration officials previously, the court determines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. To make that determination, the court applies the test established in Mathews v. Eldridge, 424 U.S. 319 (1976). The Mathews test considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation; and (3) the government's interest. 424 U.S. at 335.

Considering the first Mathews factor, petitioner has a significant private interest in remaining free from detention. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process] Clause protects." Zadvydas, 533 U.S. at 690. Petitioner's prior release into the United States and time spent living freely and working for more than two and a half years creates a powerful interest for him in his continued liberty. See Doe v Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). This factor favors granting the petition.

The second Mathews factor also weighs in petitioner's favor. See A.E. v. Andrews, No. 25-cv-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025) ("The risk of an erroneous deprivation [of liberty] is high" when "[the petitioner] has not received any bond or custody redetermination hearing."). Civil immigration detention is "nonpunitive in purpose and effect" and is justified when a noncitizen presents as a danger to the community or risk of flight. Zadvydas, 533 U.S. at 690; Padilla v. U.S. Immigr. & Customs Enf't, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023). Here, there is no indication petitioner presents a danger to the community or a risk of flight, and he has been detained for almost two months without receiving an individualized hearing before an immigration judge where those factors could be evaluated. "[T]he probable value of additional procedural safeguards" is high. A.E., 2025 WL 1424382, at *5.

Turning to the third Mathews factor, the government has an interest in the steady enforcement of its immigration laws but the government's interest in re-detaining petitioner without any procedural protections is "low." Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D.

Cal. 2019); Doe v. Becerra, 787 F. Supp. 3d at 1094. Custody hearings in immigration court are routine and impose a "minimal" cost on the government. Doe, 787 F. Supp. 3d at 1094. "If the government wishes to re-arrest [petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without [any procedural protections] is low." Ortega, 415 F. Supp. 3d at 970.

On balance, the Mathews factors strongly favor petitioner and show due process required that he be provided an individualized hearing prior to his re-detention. "[A] pre-deprivation hearing [was] required to satisfy due process." Guillermo M. R. v. Kaiser, 71 F. Supp. 3d 1021, 1036 (N.D. Cal. 2025). Respondents point to no reasons why a pre-deprivation hearing could not be held and provide no evidence warranting petitioner's detention without an individualized hearing.

Accordingly, the court should find petitioner's Fifth Amendment due process rights have been violated and order his immediate release from custody. The court's adoption of these findings and recommendations would resolve the pending habeas petition on its merits, and no further briefing is necessary. Because resolution in this manner would provide the full scope of relief petitioner requests, the court need not reach all claims presented in the petition and appointment of counsel is unnecessary.

## IV. Recommendation

For the reasons set forth above**,** IT IS RECOMMENDED as follows:

1. The court grant petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241.
2. Petitioner's motion to appoint counsel (ECF No. 3) be DENIED as moot.
3. Respondents be ordered to RELEASE petitioner IMMEDIATELY under the same conditions he was subject to immediately prior to his detention on May 24, 2026.
4. Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide 7 days' notice to petitioner and a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.

5. The Clerk of the Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **five (5)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: 07/16/26

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 coli5168.mer